37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James S. HEAD, Defendant-Appellant.
 No. 94-3107.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Head appeals the denial of his motion to reduce his sentence. We affirm the decision of the district court.
 
 
 3
 Mr. Head entered a guilty plea to one count of making a false statement to a financial institution and entered a nolo contendere plea to a second. Mr. Head was sentenced to twenty-four months incarceration to be followed be five years of supervised probation. Mr. Head then filed a motion requesting the reduction of his sentence. This motion was denied, and Mr. Head appeals.
 
 
 4
 Mr. Head's offense was committed prior to November 1, 1987; hence the sentence was not subject to the United States Sentencing Guidelines.
 
 
 5
 Mr. Head's motion to reduce his sentence was made pursuant to Fed.R.Crim.P. 35(b). This rule provides in part: "The court ... may reduce a sentence." As the decision to reduce a sentence is discretionary (the court may), we review this decision for an abuse of discretion.
 
 
 6
 Mr. Head argues that several of the sentencing court's comments "indicated an unwillingness to recognize that it has the power to exercise discretion that would have allowed it to designate an earlier parole eligibility date or specify that a prisoner is immediately eligible for parole."
 
 
 7
 Although the sentencing court considered factors such as age, character, rehabilitation potential, and family hardship, Mr. Head argues the sentencing court abused its discretion because the court may have believed it lacked the authority to reduce the sentence.
 
 
 8
 This court will not speculate that a sentencing court was ignorant of its ability to reduce a sentence. When an appellant argues that a court failed to exercise its discretion due to an erroneous belief it had no such discretion, the appellant bears the burden of demonstrating by clear evidence that the sentencing court operated under a misapprehension of the law. Mr. Head has failed in this burden. The one statement of the sentencing court quoted to us by Mr. Head to support his argument is equivocal and can easily be interpreted to read the sentencing court recognized its power to reduce a sentence and chose not to do so.
 
 
 9
 Mr. Head has failed to persuade us the sentencing court abused its discretion by failing to reduce Mr. Head's sentence. The judgment and sentence are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470